**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FAREJ MOHAMED ALHAYADIR,

        Petitioner,

v.

        CIVIL NO. 2:08-CV-14020
        HONORABLE NANCY G. EDMUNDS
        UNITED STATES DISTRICT COURT

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Farej Mohamed Alhayadir, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(f); and domestic violence, M.C.L.A. 750.81(2). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. Petitioner filed an appeal, in which he challenged the sufficiency of the evidence to convict him of these offenses. Petitioner's conviction was affirmed on appeal. *People v. Alhayadir,* No. 275369

1

(Mich.Ct.App. January 29, 2008); *lv. den.* 481 Mich. 915; 750 N.W. 2d 217 (2008).

Petitioner has now filed a petition for writ of habeas corpus on the following ground:

> Petitioner's conviction is a miscarriage of justice where petitioner is being illegally held, for he is actually innocent of the current charge. The state courts demonstrated a (sic) "unreasonable application" of *Jackson v. Virginia,* 443 U.S. 307 (1979).

In the body of his habeas application, petitioner raises the same sufficiency of the evidence claim that he raised in the state courts. However, petitioner also claims that the prosecution used perjured testimony from the victim's sister, Zeinab Alhroub, to convict him of this crime. In support of this claim, petitioner has provided the Court an affidavit from Ms. Alhroub, dated April 25, 2008, in which Ms. Alhroub purportedly recants her trial testimony and now claims that she testified falsely at petitioner's trial.[1] Petitioner also appears to contend that this is newly discovered evidence that would support his claim that he is actually innocent of these charges.

## II. Discussion

The instant petition must be dismissed without prejudice because it contains at least one claim that has not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first

---

[1] *See* Petitioner's Appendix B.

2

exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner raised one claim before the Michigan Court of Appeals, in which he challenged the sufficiency of the evidence to convict him, because the witnesses were unreliable and there was a lack of physical evidence to convict him of the crime. Petitioner specifically noted that at trial, the victim in this case, his wife, recanted her earlier preliminary examination testimony and statements to the police that petitioner had sexually assaulted her. However, although petitioner challenged the credibility of his wife's sister, he did not specifically raise a claim that the prosecutor knowingly presented perjured testimony, nor did he claim that he had newly discovered evidence that would support a perjury claim or an actual innocence claim. This Court particularly notes that Zeinab Alhroub's affidavit is signed and dated April 25, 2008, which was after the Michigan Court of Appeals affirmed petitioner's conviction on January 29, 2008. Moreover, a review

of the Michigan Court of Appeals' docket sheet indicates that petitioner filed his application for leave to appeal with the Michigan Supreme Court on March 24, 2008, again before this affidavit was signed. [2] It is obvious that this affidavit was not presented as part of petitioner's direct appeal.

In order to satisfy the exhaustion requirement, a habeas petitioner must fairly present to the state courts either the substance of or the substantial equivalent of the federal claim that he or she is presenting to a federal habeas court. *See Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004). For purposes of federal habeas review, exhaustion requires that a claim raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004). A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *Hicks,* 377 F. 3d at 552 (citing *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000)). Finally, a habeas petitioner cannot be said to have fairly presented his or her constitutional claim to the state courts when he or she "subsequently presents new facts or legal arguments in habeas corpus that place the claim in a significantly different posture than the claim that was presented to the state

---

[2] This Court obtained this information from the Internet website for the Michigan Court of Appeals. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

4

courts." *Stojetz v. Ishee,* 389 F. Supp. 2d 858, 955 (S.D. Ohio 2005).

In the present case, petitioner's claim that his wife's sister committed perjury and her affidavit in support of that claim is factually and legally distinct from his claim that the evidence was legally insufficient to convict him because the witnesses were simply lacking in credibility. To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998).

A perjury claim is obviously different from a sufficiency of evidence claim because it involves an allegation that the witness' testimony was false, as opposed to simply being mistaken. Moreover, to prevail on a perjury claim, a habeas petitioner must show that the prosecutor knew that the testimony was false and failed to correct this testimony.

Moreover, as mentioned above, Zeinab Alhroub's affidavit was signed and dated April 25, 2008, which was after the Michigan Court of Appeals affirmed petitioner's conviction and also after petitioner filed his application for leave to appeal with the Michigan Supreme Court on March 24, 2008. Petitioner's perjury claim, based on Zeinab Alhroub's recanting affidavit, is unexhausted, because this claim is materially broader and better documented than the sufficiency of evidence claim that was originally presented to the state courts. *See Gaskins v.*

5

*Duval*, 89 F. Supp. 2d 139, 142 (D. Mass. 2000).

Petitioner's claim involving the trial court's decision to allow the admission of perjured testimony is unexhausted, because petitioner did not raise a perjured evidence claim in his appeal of right and therefore did not give the Michigan courts a full and fair opportunity to review his perjured testimony claim. *See United States ex. rel. Winston v. Page,* 955 F. Supp. 952, 957 (N.D. Ill. 1997). Likewise, to the extent that petitioner claims that Zeinab Alhroub's affidavit constitutes newly discovered evidence that he is innocent of these crimes, petitioner would be required to present his actual innocence claim to the state courts before a federal court could consider such a claim on habeas review. *See e.g. Howard v. Wolfe,* 199 Fed. Appx. 529, 532 (6th Cir. 2006); *Cammuse v. Morgan,* 105 Fed. Appx. 667, 669 (6th Cir. 2004).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required

to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. In this case, the Michigan Supreme Court denied petitioner's application for leave to appeal on June 23, 2008. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d

280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on September 21, 2008. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

The present habeas petition was filed with this Court on September 18, 2008, before petitioner's conviction became final with the state courts. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because the one year limitations period has yet to begin running in this case, and the limitations period, or at least any unexpired portion of that period, is tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the petition for writ of habeas corpus will be dismissed without prejudice.

### III. ORDER

Based on the foregoing, the Court **ORDERS** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

        s/Nancy G. Edmunds
        **Nancy G. Edmunds**
        **United States District Judge**

**Dated: September 25, 2008**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2008, by electronic and/or ordinary mail.**

        s/Carol A. Hemeyer
        **Case Manager**